UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY L. BUCKLEY,

    Petitioner,

v.                             CASE No. 15-11959
                                  HONORABLE JOHN CORBETT O'MEARA

PAUL D. KLEE,

    Respondent.
_____/

**ORDER DENYING PETITIONER' REQUEST FOR PLEADINGS** (ECF No. 10),
**DENYING PETITIONER'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES OR COSTS** (ECF No. 12),
**GRANTING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME** (ECF No. 13),
**AND DENYING PETITIONER'S REQUEST FOR LEGAL ASSISTANCE** (ECF No. 14)

## I. Introduction

This matter has come before the Court on petitioner Jeffery L. Buckley's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's Oakland County conviction for one count of domestic violence, third offense. *See* Mich. Comp. Laws § 750.81(4). On June 5, 2013, the trial court sentenced Petitioner to imprisonment for eighteen months to fifteen years. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Buckley*, No. 316992 (Mich. Ct. App. Sept. 16, 2014) and, on March 31, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Buckley*, 497 Mich. 983; 861 N.W.2d 43 (2015).

On May 27, 2015, Petitioner filed his habeas corpus petition. At the time, he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Petitioner alleged as grounds for relief that: (1) he was denied his right to due process and a fair

trial when the trial court allowed the prosecutor to introduce evidence of prior acts of domestic violence and prejudicial statements; (2) the prosecutor violated Petitioner's right to a fair trial by impeaching the only defense witness with a false conviction; (3) Petitioner was denied a fair jury when at least one juror acquired information about him that was not brought out at trial, and trial counsel was ineffective for failing to request a mistrial or to have the juror excused; and (4) the trial court abused its discretion in denying discovery.

The State argues in an answer to the petition filed through counsel that Petitioner procedurally defaulted all his claims and that the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to, or unreasonable applications of, federal law or unreasonable determinations of the facts. Currently pending before the Court are Petitioner's request for a copy of all the State's pleadings (ECF No. 10), Petitioner's application to proceed without prepayment of fees or costs (ECF No. 12), Petitioner's motion for an enlargement of time to file a reply (ECF No. 13), and Petitioner's request for legal assistance (ECF No. 14).

## II. Discussion

### A. The Request for Pleadings (ECF No. 10)

In his request for copies of all the State's pleadings, Petitioner states that, as of the date of his request (December 17, 2015), the State had not filed an answer to his habeas petition. Petitioner asks the Court to forward copies of all the State's documents to him, order the State to forward its pleadings to him at the Re-entry Center in Detroit, and to grant summary judgment in his favor.

The State filed a timely responsive pleading on December 1, 2015, but apparently mailed a copy of its responsive pleading to Petitioner at an outdated address. On December 30, 2015, however, the State mailed a copy of its responsive pleading to Petitioner at the Detroit Re-Entry Center where he had been transferred. *See* ECF No. 11. Since then, Petitioner has filed another change of address, but the State has not filed any additional documents. Because Petitioner now has a copy of the State's responsive pleading, the Court denies as moot Petitioner's request for a copy of the responsive pleading.

**B. The Application to Proceed without Prepaying Fees and Costs** (ECF No. 12)

On May 27, 2015, Petitioner filed his habeas corpus petition and an application for leave to proceed without prepaying the fees and costs for this action. *See* ECF Nos. 1 and 2. On June 10, 2015, Court granted Petitioner's financial application. *See* ECF No. 3. On January 5, 2016, Petitioner filed another application to proceed without prepaying fees and costs. *See* ECF No. 12. There are no additional fees due at this time. Consequently, the Court denies as moot the second application to proceed without prepaying the fees and costs for this action.

**C. The Motion for an Enlargement of Time** (ECF No. 13)

Petitioner seeks an enlargement of time to file a reply to the State's answer. He alleges that he is not educated in the law and that the State did not mail its answer to him until December 31, 2015. In light of Petitioner's *pro se* status, the Court grants his motion for an enlargement of time to file a reply to the State's answer. He shall have an additional forty-five days from the date of this order to file his reply.

### D.  The Request for Legal Assistance (ECF No. 14)

Petitioner has asked for legal assistance, but

> "[a]ppointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories*, 1711 F.2d 1510, 1522 n. 19 (11th Cir. 1983).  It is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself."  *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); see also *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984).  This generally involves a determination of the "complexity of the factual and legal issues involved."  *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

The issues and facts in this case are not complex, and Petitioner has ably represented himself thus far.  The Court therefore denies Petitioner's motion for legal assistance.

Date: May 13, 2016                              s/John Corbett O'Meara
                                                United States District Judge


I hereby certify that on May 13, 2016 a copy of this order was served upon the parties of record using the ECF system and/or by first-class U.S. mail.

                                                s/William Barkholz
                                                Case Manager