UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY BUCKLEY,

    Petitioner,                      Civil No. 2:15-CV-11959
                                         HONORABLE JOHN CORBETT O'MEARA
v.                                       UNITED STATES DISTRICT JUDGE

PAUL KLEE,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Jeffery Buckley, residing in Pontiac, Michigan,[1] filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for domestic violence, third offense, M.C.L. § 750.81(4). Respondent filed an answer to the petition for a writ of habeas corpus. As part of the answer, respondent argues that the petition is subject to dismissal because it contains claims which have not been properly exhausted with the state courts. In *lieu* of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion

---

[1] The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on October 1, 2017 and is no longer in custody. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody":under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984). Because petitioner was still serving his sentence at the time he filed his petition, he satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), in spite of his subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his or her habeas application. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

1

to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

## I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Buckley*, No. 316992, 2014 WL 4628878 (Mich. Ct. App. Sept. 16, 2014), *leave denied* 497 Mich. 983 (2015).

Petitioner has now filed a petition for a writ of habeas corpus, seeking relief on the following grounds:

> I. Defendant was denied this State and Federal Constitutional Due Process Right to a fair trial where the trial court allowed the introduction of prior acts of domestic violence and prior statements that were irrelevant and prejudicial.
>
> II. The prosecutor violated Mr. Buckley's Due Process Right to a fair trial by improperly impeaching the only defense witness with a false prior conviction.
>
> III. Defendant was denied his right to a fair jury in violation of the VI Amendment where at least one juror went on the Internet and accessed information about Mr. Buckley that was not introduced at trial, counsel was ineffective in failing to move the juror's exclusion or for a mistrial. U.S. Const. AM VI, XIV.
>
> IV. Defendant's Due Process Rights to a fair trial was [sic] violated where the trial judge abused it's [sic] discretion in denying discovery.

## II. Discussion

Respondent argues that petitioner's habeas application is subject to dismissal because it contains claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although

exhaustion is not a jurisdictional issue, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she exhausted his or her claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Respondent argues that petitioner's first, third and fourth claims were not properly exhausted with the state courts because petitioner abandoned the claims by not briefing them properly. This Court agrees.

A claim that is abandoned on appeal is considered unexhausted. *Cf. Fitchett v. Perry*, 644 F.App'x 485, 489 (6th Cir. 2016).

Petitioner has failed to exhaust three claims with the state courts.

Although respondent argues that these three claims are unexhausted, he urges this Court to reject them on the merits. This Court declines to do so.

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418,

1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). In certain cases, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991).

"In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017)(quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (quoting *Cassett*, 406 F.3d at 624).

In *Wagner v. Smith*, 581 F.3d at 414, the Sixth Circuit addressed a habeas petition involving several unexhausted claims that had been rejected on the merits by another judge in this district. The Sixth Circuit remanded the matter back to the district court. Although the Sixth Circuit discussed the four available options for addressing a habeas petition which contained unexhausted claims, including the option of denying the unexhausted claims on the merits, *Id.* at 419 (discussing the four options), the Sixth Circuit strongly suggested that the district court should consider staying the petition and holding it in abeyance to permit petitioner to return to the state courts to properly exhaust these claims, because the claims were not "plainly meritless." *Id.* at 419-20. On remand, the district court vacated its opinion and order denying petitioner habeas relief, held the petition in abeyance to permit petitioner

4

to return to the state courts to exhaust his claims, and administratively closed the case. *Wagner v. Smith,* U.S.D.C. 2:06-CV-10514 (E.D. Mich. Nov. 13, 2009).

The Sixth Circuit recently again reversed another judge in this district for rejecting an unexhausted ineffective assistance of counsel claim on the merits. See *Hickey v. Hoffner,* No. 16-1186, 2017 WL 2829523, ---- F. App'x.---- (6th Cir. June 30, 2017). In the *Hickey* case, the petitioner alleged that trial counsel was ineffective for failing to call alibi witnesses and other exculpatory witnesses. Although agreeing with the district court that the claims were unexhausted, the Sixth Circuit ruled that they could not find petitioner's ineffective assistance of counsel claims to be plainly meritless, so as to deny relief on the merits, because petitioner raised a "colorable" ineffective assistance of counsel claim. *Id.,* at *3-4. The Sixth Circuit vacated the district court decision denying habeas relief and remanded the matter to the district court to determine whether the petition should be held in abeyance to allow petitioner to return to the state courts to exhaust his claims. *Id.*

Petitioner's claims (inadmissible evidence, jury misconduct, ineffective assistance of trial counsel, and discovery violation) are not plainly meritless because these are colorable constitutional claims. This Court cannot categorically state that petitioner has absolutely no hope of prevailing on these claims either in the state courts or in the federal court. Because these unexhausted claims have "not yet been fully developed, it would be premature for the Court to assess [the] merits." *Adams v. Haas*, No. 15-11685, 2017 WL 264506, at *2 (E.D. Mich. Jan. 20, 2017).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F.3d at 419.

5

Petitioner could exhaust this claim by filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

The Michigan Court of Appeals found that petitioner abandoned his first claim "by failing to fully and properly address the bases for [the] claim of error," abandoned his third claim by "failing to provide any support for this claim of error" and in Claim # 4, petitioner "again failed to properly support his claim of error." *Buckley*, 2014 WL 4628878 **2, 7, 8. Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F.3d at 419. Petitioner may assert that he did not previously raise his first, third and fourth claims properly in the state courts due to the ineffective assistance of appellate counsel. *Wagner,* 581 F.3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in

6

"intentionally dilatory tactics."[2]

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim or claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).[3]

### III. ORDER

Accordingly, **IT IS ORDERED** that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If

---

[2]This Court notes that although the Sixth Circuit in *Wagner,* 581 F.3d at 419-20 believed that the unexhausted claims were not plainly meritless, so as to justify holding the case in abeyance to permit petitioner to exhaust these claims, the Sixth Circuit affirmed the denial of habeas relief on these same claims when the case came before that court again after petitioner exhausted these claims. *See Wagner v. Klee*, 620 F.App'x 375, 377 (6th Cir. 2015). This indicates that the threshold for a claim to rise above the "plainly meritless" standard is fairly low.

[3]This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F.App'x 414, 422, n. 7 (6th Cir. 2005).

petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims. Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                         s/John Corbett O'Meara
                                         United States District Judge

Date: October 17, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 17, 2017, using the ECF system and/or ordinary mail.

                                         s/William Barkholz
                                         Case Manager